UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN T. WILLIAMS; WILLIAMS, SCOTT,
& ASSOCIATES LLC; WSA, LLC,

                                    Plaintiffs,

                -against-

UNITED STATES OF AMERICA,

                                    Defendant.

19-CV-8736 (CM)

ORDER TO SHOW CAUSE

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff John T. Williams, proceeding *pro se* and *in forma pauperis* (IFP), filed this

complaint on behalf of himself and two business entities, asserting claims under the Federal Tort

Claims Act.[1] For the reasons set forth below, the Court directs Plaintiff to show cause why this

matter should not be dismissed.

## STANDARD OF REVIEW

    The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

---

[1] The United States District Court for the Northern District of Georgia barred Plaintiff,
under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g),
from filing any federal civil action IFP while a prisoner, unless he is in imminent danger of
serious physical injury. *See Williams v. Bank United*, No. 1:17-CV-1386 (N.D. Ga. May 4, 2017),
*report & recommendation adopted*, (N.D. Ga. May 30, 2017). Citing that order, this Court
dismissed without prejudice several cases that Plaintiff filed while he was a prisoner and in
which he sought IFP status. Plaintiff appealed, and the Second Circuit stayed those appeals
pending the outcome of *Escalera v. Samaritan Vill.*, No. 17-2441 (2d Cir. Sept. 12, 2019). *See
Williams v. Bharara*, 19-247(L), 19-248 (Con) (2d Cir. Aug. 6, 2019). Plaintiff is no longer in
custody, and his IFP application suggests that he qualifies to have the fee waived.

*see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff John T. Williams was the subject of a Federal Trade Commission (FTC) enforcement proceeding in Georgia, arising out of debt collection activity that also led to a

criminal prosecution in this District.[2] This is not the first complaint that Plaintiff has filed

regarding these events, which occurred between 2012 and his conviction in December of 2016.[3]

In *Williams v. United States*, ECF 1:19-CV-837, 1 (CM) (*Williams I*), Plaintiff filed a

complaint that is substantially similar to this one, naming scores of defendants who were

allegedly involved in the FTC and criminal proceedings. The *Williams I* complaint named many

of the same defendants (including judges, prosecutors and other government lawyers, the chief

clerks of two district courts and one circuit court, and employees of the FBI and FTC), arose out

of the same events, and purported to be filed on Plaintiff's behalf and on behalf of his businesses.

The *Williams I* complaint alleged the existence of a conspiracy involving government employees

and entities in New York and Georgia, and asserted claims under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Federal Tort Claims Act

(FTCA), and state law claims.

Attached to Plaintiff's original complaint in *Williams I,* but not to the amended

complaint, is an August 2, 2018 letter from the United States Department of Justice denying

Plaintiff's request for reconsideration of an administrative tort claim.

> We have reviewed your request for reconsideration of the denial of the
> administrative tort claim you submitted to the U.S. Department of Justice on May

---

[2] *See United States v. Williams*, No.14-CR-784-2 (RJS) (S.D.N.Y. Dec. 14, 2016)
(imposing sentence), *aff'd*, 16-4186-cr (2d Cir. July 9, 2018).

[3] *See, e.g., Williams v. Ellis* , ECF 1:19-CV-4353, 5 (CM) (S.D.N.Y. Aug. 7, 2019)
(dismissing *Bivens* claims for failure to state a claim, and claims under 28 U.S.C. § 351 without
prejudice); *Supreme Imports LLC v. Fuqua*, No. 16-CV-986 (N.D. Ga. Dec. 5, 2016) (dismissing
complaint for failure to state a claim); *Williams, Scott & Associates LLC v. Ra*y, No. 16-CV-979
(N.D. Ga. Sept. 6, 2016) (dismissing claims for failure to state a claim and for lack of subject
matter jurisdiction); *WSA Williams Scott & Associates v. Orion Payment Systems*, No. 16-CV-984
(N.D. Ga. Jan. 23, 2017) (dismissing complaint for failure to state a claim, lack of diversity
jurisdiction, and on immunity grounds); *Williams v. Camp* No. 15-CV-4087 (N.D. Ga. July 20,
2016) (dismissing defamation claim for lack of subject matter jurisdiction); *Williams v. Richards*,
No. 15-CV-3999 (N.D. Ga. July 20, 2016) (dismissing libel claim for lack of subject matter
jurisdiction).

25, 2018, relative to the alleged acts or omissions of the United States Attorney's Office for the Southern District of New York, The Federal Bureau of Investigation, the Administrative Office of the U.S. Courts, and the Federal Trade Commission occurring in July 2015. After reconsideration, it has been determined that your claim is not compensable. Accordingly, your claim must be and hereby is denied.

(ECF No. 1 at 27.) The letter informs Plaintiff of his right to "file suit in an appropriate United States District Court no later than six months after the date of mailing of this notification." (*Id.*)

By order dated July 3, 2019, the Court held in *Williams I* — with respect to claims arising in this District — that a challenge to Plaintiff's criminal conviction could be properly raised in a collateral motion filed under 28 U.S.C. § 2255, not in a civil rights complaint; that Plaintiff had failed to set forth facts giving rise to a plausible conspiracy claim; that Plaintiff had failed to state claims under either *Bivens* or the FTCA;[4] that Plaintiff could not represent his businesses *pro se*; that a number of the named defendants were immune from suit; and that diversity of citizenship was lacking. The Court dismissed without prejudice any claims Plaintiff was asserting arising out of events occurring in Georgia. (ECF 1:19-CV-837, 16 (CM) (S.D.N.Y. July 3, 2019).) Plaintiff filed an interlocutory appeal, but later withdrew it. *See Williams*, No. 19-CV-837 (CM) (S.D.N.Y. July 3, 2019) (dismissing claims arising in this district for failure to state a claim; dismissing without prejudice claims arising in Georgia), *appeal withdrawn*, No. 19-608-cv (2d Cir. Mar. 27, 2019).

In the July 3, 2019 order in *Williams I*, the Court painstakingly detailed the identities of the named defendants, Plaintiff's allegations against them, the procedural history of the FTC and criminal proceedings, and Plaintiff's prior litigation arising out of these matters. The Court

---

[4] In the July 3, 2019 order, the Court did not dismiss Plaintiff's FTCA claims on statute of limitations grounds, but noted that his FTCA claims appeared to be untimely. (ECF 1:19-CV-837, 16 at 11 n.12.)

4

declines to recount those facts again, and references only those events necessary to adjudicate this new action.

In this new complaint, Plaintiff purports to seek relief under the FTCA. He vaguely alleges that he satisfied the administrative exhaustion requirement, but he does not provide any specific information or attach any documents with respect to that assertion. He also asserts state law claims under the Court's diversity jurisdiction. Plaintiff recounts the events leading up to and including the FTC and criminal proceedings. With respect to more recent developments, Plaintiff asserts that:

> As of January 15, 2019, many of the defendants involved in this case have had quiet departures from there [sic] lifelong government careers, four judges have been fired/retired as well as all of the supervisors named in this lawsuit. The following is a list of heinous and atrocious acts perpetrated by these government employees. Also just recently the plaintiff learned that the prosecution left the case open until July 19, 2019 with the hopes they could set the plaintiff up by using one of their confidential informants, see documents 271, 272 of case no: 14-CR-784, that's called entrapment, illegal. The U.S.A.O. obviously informed the courts that it had more pending charges against Mr. Williams's legitimate collection agency, the reason this was done is because they know they violated an innocent citizens [sic] rights so they needed to find a crime against him . . . sick people. This makes a person think. How many other people have they done this too [sic]?

(ECF 1:19-CV-8736, 2 ¶ 40.)

## DISCUSSION

Plaintiff brings this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA), and state law claims. In the July 3, 2019 order in *Williams I*, the Court: (1) dismissed Plaintiff's FTCA claims on the merits, and noted that they were, in any event, likely untimely; (2) held that diversity jurisdiction was lacking because the parties were not of diverse citizenship; and (3) instructed Plaintiff to raise challenges to the validity of his conviction and sentence in a motion under 28 U.S.C. § 2255. Plaintiff did not appeal that decision, and the Court refers to its reasoning, which applies with equal force to this complaint.

Moreover, Plaintiff's FTCA claims are untimely. The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)).

A claimant may thereafter challenge the agency's final denial in a federal district court by filing an action within six months of the date of the mailing of the notice of final denial by the agency. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant' s filing of the administrative claim, the claimant may then bring a FTCA action in a federal district court. *See* § 2675(a). "[T]he FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).

If Plaintiff is relying on the administrative claim he mentions in *Williams I*, this complaint is untimely. Plaintiff filed that administrative claim with the United States Department of Justice (DOJ) on May 25, 2018, and the DOJ denied Plaintiff reconsideration on August 2, 2018. The DOJ letter informed Plaintiff of his right to "file suit in an appropriate United States District Court no later than six months after the date of mailing of this notification." Plaintiff filed this complaint on September 20, 2019, well beyond the six-month deadline. Any new

administrative claim Plaintiff may have filed would also be untimely, because the statute requires that any such claim be filed within two years of the claim's accrual, and exhausted before seeking relief in federal court, *see* 28 U.S.C. §§ 2401(b), 2675(a). To the extent Plaintiff asserts claims arising from more recent events, they amount to a challenge to his criminal conviction, and the Court will not entertain them here.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

There are no facts in this complaint suggesting that equitable tolling of the limitations period for Plaintiff's FTCA claims is appropriate. Moreover, in light of Plaintiff's extensive litigation history during the relevant time period, he would be hard-pressed to show that he was prevented from timely pursuing these claims. For these reasons, the Court is inclined to dismiss this action as time-barred. In light of Plaintiff's status as a self-represented litigant, however, the

Court – in an abundance of caution – grants him 30 days to show cause why this action should

not be dismissed as time-barred.

## LITIGATION HISTORY AND WARNING

Plaintiff has and continues to file cases regarding these same events in this Court and in

the United States District Court for the Northern District of Georgia. *See, e.g., Williams v. King*,

No. 19-CV-4856 (N.D. Ga. filed Oct. 28, 2019); *Williams, Scott & Associates LLC v. Yates*, No.

19-CV-4253 (N.D. Ga. filed Sept. 19, 2019); *Williams, Scott & Associates LLC v. United States*

*of America*, 19-CV-3469 (N.D. Ga. filed July 31, 2019); *Supreme Imports LLC v. Fuqua*, No. 16-

CV-986 (N.D. Ga. Dec. 5, 2016) (dismissing complaint for failure to state a claim); *WSA*

*Williams Scott & Associates v. Orion Payment Systems*, No. 16-CV-984 (N.D. Ga. Jan. 23, 2017)

(dismissing complaint for lack of diversity jurisdiction and on immunity grounds. This list is not

exhaustive.[5]

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have

been aware that many of his claims are duplicative or lack merit. *See Sledge v. Kooi*, 564 F.3d

105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be

charged with knowledge of particular legal requirements). For example, Plaintiff has repeatedly

been instructed that he cannot file cases on behalf of his businesses, and that many of the

defendants he names are immune from suit, but he persists in engaging in such litigation.

Moreover, both this Court and the Northern District of Georgia have repeatedly dismissed

Plaintiff's state law claims because diversity jurisdiction is lacking. Yet he continues to invoke

diversity jurisdiction to assert state law claims.

---

[5] Not included in this list are cases that were dismissed without prejudice because
Plaintiff had been deemed barred as a prisoner under 28 U.S.C. § 1915(g).

Although Plaintiff is no longer a prisoner, and an issue remains as to whether the Northern District of Georgia should have barred him under § 1915(g), he is warned that further duplicative or frivolous litigation in this Court will result in an order barring him, under 28 U.S.C. § 1651, from filing new actions *in forma pauperis* without prior permission.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is directed to show cause why his FTCA claim should not be dismissed as untimely. Plaintiff must submit a declaration to this Court's Pro Se Intake Unit within thirty days of the date of this order, and label the document with docket number 19-CV-8736 (CM). No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim on which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  November 12, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge