UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN T. WILLIAMS; WILLIAMS, SCOTT & ASSOCIATES LLC; WSA LLC,

    Plaintiffs,

-against-

UNITED STATES OF AMERICA,

    Defendant.

19-CV-8736 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff John T. Williams, proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint under the Federal Tort Claims Act (FTCA). On November 12, 2019, the Court directed Plaintiff to show cause why this matter should not be dismissed as untimely. The Court has reviewed Plaintiff's response, which he submitted on December 17, 2019. (ECF 1:19-CV-8736, 11), and dismisses the action for the reasons set forth in the November 12, 2019 order.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND AND DISCUSSION

In *Williams v. United States*, 1:19-CV-837 (CM) (S.D.N.Y. July 3, 2019) (dismissing FTCA claims for failure to state a claim) (*Williams I*), Plaintiff asserted FTCA claims regarding the same events underlying this action. Attached to the *Williams I* complaint was an August 2, 2018 letter from the United States Department of Justice (DOJ) denying Plaintiff's request for reconsideration of an administrative tort claim. The Court dismissed *Williams I* on the merits, but noted that the FTCA claims appeared in any event to be untimely, and that in light of Plaintiff's active litigation history, he could not plausibly claim to have been prevented from timely pursuing those claims.

Plaintiff then filed this new FTCA complaint. Because it appeared, but was not completely clear, that Plaintiff was relying on the same administrative complaint attached to *Williams I*, the Court ordered Plaintiff to show cause why this complaint should not be dismissed as untimely. Plaintiff filed a declaration, and attaches the same August 2, 2018 DOJ letter. Accordingly, this action is dismissed, because — as set forth in the November 12, 2019 order — Plaintiff's FTCA claims are untimely. *See* 28 U.S.C. §§ 2401(b), 2675(a).

## LITIGATION HISTORY AND WARNING

The United States District Court for the Northern District of Georgia determined that Plaintiff was barred under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing any federal civil action *in forma pauperis* while a prisoner unless he is in imminent danger of serious physical injury. *See Williams v. Bank United*, No. 1:17-CV-

1386 (N.D. Ga. May 4, 2017), *report & recommendation adopted*, (N.D. Ga. May 30, 2017). In light of that order, this and other courts dismissed without prejudice complaints that Plaintiff filed while he was incarcerated. *See Williams v. Bharara*, Nos. 19-247(L), 12-248(CON) (2d Cir. Nov. 14, 2019) (holding appeals in abeyance pending the outcome of *Escalera v. Samaritan Vill. Men's Shelter,* 17-CV-2441-pr (2d Cir. Sept. 12, 2019) (holding that the United States District Court for the Northern District of New York had erroneously determined that Plaintiff was barred under § 1915(g) from filing new actions IFP)).

Plaintiff is no longer a prisoner, and an issue remains as to whether the Northern District of Georgia should have barred him under 28 U.S.C. § 1915(g). But the Court warned Plaintiff in the November 12, 2019 order that further duplicative or frivolous litigation in this Court could result in an order barring him, under 28 U.S.C. § 1651, from filing new actions IFP without prior permission. That warning remains in effect.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 10, 2020
       New York, New York

                                            COLLEEN McMAHON
                                         Chief United States District Judge